UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN JOHN SMITH, | ) |
| Petitioner, | ) |
| v. | ) Case No. 22-CV-0137-CVE-CDL |
| CARRIE BRIDGES, Warden,[1] | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Brian John Smith, a self-represented Oklahoma prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Relying on McGirt v. Oklahoma, 140 S. Ct. 2452 (2020), and Hogner v. State, 500 P.3d 629 (Okla. Crim. App. 2021), Smith claims he is in custody in violation of federal law, under the judgments entered against him in the District Court of Delaware County, Case Nos. CF-2012-303 and CF-2016-87, because he is Native American and the State of Oklahoma ("the state") did not have jurisdiction to prosecute him for crimes he committed within the boundaries of the Cherokee Nation Reservation.[2] Dkt. ## 1, 1-1. Respondent Carrie Bridges

---

[1] Smith presently is incarcerated at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma. The Court therefore substitutes the JCCC's current warden, Carrie Bridges, in place of the JCCC's former warden, Scott Nunn, as party respondent. FED. R. CIV. P. 25(d); Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

[2] In McGirt, the United States Supreme Court determined that Congress has not disestablished the Muscogee (Creek) Nation Reservation and that, as a result, the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and Native Americans who commit major crimes, as defined in 18 U.S.C. § 1153(a), within the boundaries of the Muscogee (Creek) Nation Reservation are thus subject to prosecution in federal court rather than state court. 140 S. Ct. at 2459-60, 2474-76. In Hogner, the Oklahoma Court of Criminal Appeals held that Congress did not disestablish the Cherokee Nation Reservation. 500 P.3d at 635.

moves to dismiss the petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations or, in the alternative, for failure to exhaust available state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Dkt. ## 7, 8. For the reasons that follow, the Court grants respondent's motion and dismisses the petition, without prejudice, for failure to exhaust available state remedies.

I.

On February 27, 2013, in Delaware County District Court Case No. CF-2012-303, Smith entered a no contest plea as to the crime of child abuse by injury, after former conviction of two felonies, and the trial court sentenced him to a term of fifteen years' imprisonment, with all time suspended. Dkt. # 8-1, at 10; Dkt. # 8-2. Smith did not move to withdraw his plea within ten days of sentencing or file a certiorari appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. # 8-1, at 10-11; see Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within 10 days of sentencing if defendant intends to appeal). As a result, his judgment in Case No. CF-2012-303 became final on March 11, 2013.[3] See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (concluding that a judgment becomes final, for purposes of triggering the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A), "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"); Scott v. State, 734 P.2d 326, 328 (Okla. Crim. App. 1987) (concluding that appellant's convictions pursuant to guilty pleas became

---

[3] Because the last day of Smith's ten-day period was March 9, 2013, a Saturday, he had until March 11, 2013, the following Monday, to file a motion to withdraw his plea. FED. R. CIV. P. 6(a)(1)(C).

final within ten days of sentencing because he neither "withdrew his pleas or timely appealed the convictions").

On October 11, 2017, in Delaware County District Court Case No. CF-2016-87, Smith entered a guilty plea as to the crime of omitting to provide for minor child, after former conviction of three felonies, and the trial court sentenced him to a term of twenty years' imprisonment, with all but the first six months suspended. Dkt. # 8-3, at 8; Dkt. # 8-4. Again, Smith did not move to withdraw his plea within ten days of sentencing or file a certiorari appeal in the OCCA. Dkt. # 8-3, at 8-9. The judgment in Case No. CF-2013-87 therefore became final on October 23, 2017.[4] Gonzalez, 565 U.S. at 150; Scott, 734 P.2d at 328.

On September 11, 2019, the Delaware County District Court ("DCDC") revoked Smith's suspended sentences in full, in both cases. Dkt. ## 8-5, 8-6. Smith timely filed a revocation appeal in the OCCA, raising two issues. First, Smith claimed that "[t]he [DCDC] was without jurisdiction to extend [his] original sentence by the addition of post-imprisonment supervision." Dkt. # 8-10, at 3. Second, Smith claimed that the [DCDC's] revocation in full of [his] suspended sentences was an abuse of discretion under the facts of this case and should be favorabl[y] modified." Id.

On June 14, 2021, while his revocation appeal was pending in the OCCA, Smith applied for postconviction relief in the DCDC, in Case No. CF-2012-303. Dkt. # 8-7, at 1. In his application, Smith claimed he had been denied his constitutional right to due process because the "trial court did not have jurisdiction in that [Smith] and the victim are Indians within the meaning of federal law and the crime occurred in Indian country as defined by 18 U.S.C. § 1151." Id. at 3. Smith also alleged that he did not timely appeal the original conviction because "[t]rial counsel

---

[4] This ten-day period ended on October 21, 2017, a Saturday, so Smith had until October 23, 2017, to file a timely motion to withdraw his plea. FED. R. CIV. P. 6(a)(1)(C).

failed to bring up the issue of jurisdiction before the [OCCA] and failed to timely file a Notice of Intent to Appeal." Id. at 6. Smith later supplemented the application for postconviction relief to challenge his conviction in Case No. CF-2016-87 on the same ground. Dkt. ## 8-8, 8-9.

In a summary opinion filed September 9, 2021, in Case No. RE-2020-93, the OCCA affirmed the DCDC's order revoking Smith's sentences in full, but the OCCA agreed with Smith that the DCDC abused its discretion by imposing post-imprisonment supervision at the revocation hearing. Dkt. # 8-10, at 1, 3. The OCCA thus remanded the matter with directions for the DCDC to issue amended judgments and sentences in both criminal cases to eliminate the language regarding post-imprisonment supervision. Id. at 5. On September 13, 2021, Smith filed a petition for rehearing and motion to recall/stay the mandate. Dkt. # 8-11, at 1. Represented by counsel, Smith urged the OCCA to reconsider his revocation appeal based on McGirt, Hogner, and the OCCA's decision in State ex re. Matloff v. Wallace, 497 P.3d 686 (Okla. Crim. App. 2021).[5] Id. at 1-3. Smith's counsel alleged that he "only became aware on September 10, 2021—one day after the decision in RE-2020-93—that Mr. Smith was an Indian" and thus he could not have raised the jurisdictional claim before the OCCA issued its opinion affirming the revocation order. Dkt. # 8-11, at 2-3. The OCCA denied Smith's petition for rehearing on September 28, 2021. Dkt. # 8-12, at 1. The OCCA reasoned that its procedural rules do not permit the filing of a petition for rehearing in a revocation appeal and stated, "If Smith wishes to challenge his underlying conviction, and claims he has been denied an appeal through no fault of his own, he may seek the appropriate relief with the District Court." Id. at 2 (citing Rule 2.1(E)(4), Rules of the Oklahoma

---

[5] In Wallace, the OCCA reaffirmed its prior decisions recognizing the existence of the Cherokee, Choctaw, Chickasaw, and Seminole Reservations, but held "that McGirt and [the OCCA's] post-McGirt decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when McGirt was decided." Wallace, 497 P.3d at 689.

Court of Criminal Appeals, Title 22, Ch. 18, App. (2021), a rule that permits defendants to seek permission to file an appeal out of time).

Though not clear from the record, it appears that the DCDC denied Smith's application for postconviction relief, without a written order, sometime before February 25, 2022. Dkt. # 1, at 6; Dkt. # 1-1, at 2; Dkt. # 8, at 8, 16-17; Dkt. # 9, at 3. Smith timely filed a notice of intent to file a postconviction appeal, but he did not perfect the appeal. Dkt. # 8-1, at 25; Dkt. # 8-3, at 16.

Smith, appearing without counsel, filed the instant federal habeas petition on March 28, 2022. Dkt. # 1, at 1. Smith raises a single claim, asserting that the state "lack[ed] jurisdiction" to prosecute him because he "is an enrolled tribal member of the Cherokee Nation" and his "crime was committed on Cherokee tribal land." Id. at 5; see also Dkt. # 1-1, at 3 (arguing that the federal government has exclusive jurisdiction "to punish crimes committed by or against Indians").

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But the "AEDPA prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." Ellis v. Raemisch, 872 F.3d 1064, 1076 (10th Cir. 2017); see 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state remedies). And, in most cases, a state prisoner must file a federal habeas petition within one year of the date on which the challenged judgment became final. 28 U.S.C. § 2244(d)(1)(A); Gonzalez, 565 U.S. at 150 (2012). Under some circumstances, the one-year limitation period may begin on a different date under § 2244(d)(1)(B), (C), or (D). Regardless of when it begins, the one-year limitation period may be tolled by statute, 28 U.S.C. § 2244(d)(2), or for equitable reasons, Holland v. Florida, 560 U.S.

5

631, 649 (2010). And, in very rare cases, a petitioner may obtain review of untimely claims if he or she presents a credible claim of actual innocence, McQuiggin v. Perkins, 569 U.S. 383, 390, 395 (2013).

In moving to dismiss the petition, Bridges contends that Smith did not comply with either the one-year statute of limitations or the exhaustion requirement. Dkt. ## 7, 8. Smith contends that the petition is timely because the judgments relevant to the statute of limitations are the new judgments that were entered against him following the revocation of his sentences and, in his view, those judgments are not yet final. Dkt. # 1, at 13; Dkt. # 1-1, at 2; Dkt. # 9, at 1-3. Smith further contends that he exhausted available state remedies by presenting his Indian-country jurisdictional claim to the OCCA when he petitioned for rehearing of his revocation appeal, the OCCA declined to address it, and that any further attempt to exhaust his claim would be futile because the "'legal issues' presented here have been previously addressed and ruled on" by the OCCA. Dkt. #1, at 13; Dkt. # 1-1, at 2-3; Dkt. # 9, at 3-5.

On the record presented, the Court finds it unnecessary to decide whether Smith's claim is timely because, even if Smith could show that it is, he cannot show that he exhausted available state remedies as to that claim. As Bridges contends, to satisfy the exhaustion requirement, a state prisoner must present the substance of his or her claim to the highest appellate court, either through a direct appeal or a postconviction appeal. Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (explaining that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process"); Grant v. Royal, 886 F.3d 874, 890-92 (10th Cir. 2018) (discussing the exhaustion requirement and the steps state prisoners must take to fairly present a federal claim in state court before raising that claim in

6

a habeas petition). And, for two reasons, the Court agrees with Bridges that Smith did not fairly present his claim to the OCCA. First, Smith did not properly present his claim to the OCCA by petitioning for rehearing of his revocation appeal because, as the OCCA explained, state procedural rules do not permit the filing of petitions for rehearing in revocation appeals. Dkt. # 8-12, at 2; see Castille v. Peoples, 489 U.S. 346, 351 (1989) (concluding that, absent special circumstances, presenting a federal claim in state court "for the first and only time in a procedural context in which its merits will not be considered" does not satisfy the exhaustion requirement); Holland v. Taylor, No. 11-CV-0277-GKF-fhm, 2011 WL 3678930, at *3 (N.D. Okla. Aug. 23, 2011) (unpublished)[6] (concluding that "the exhaustion requirement is not satisfied for claims first raised in [a] petition for rehearing" filed in the OCCA). Second, while Smith did present his Indian-country jurisdictional claim in the DCDC by applying for postconviction relief, he did not fairly present that claim to the OCCA after the DCDC denied relief. Rather, after filing a notice of intent to appeal from the DCDC's order denying relief, Smith took no further steps to perfect a postconviction appeal. For these reasons, Smith has not satisfied the exhaustion requirement as to the only claim he raises in the petition.

And Smith's argument that any further attempts to exhaust available state remedies would be futile is unavailing. Dkt. # 1-1, at 2-3; Dkt. # 9, at 3-4. Regardless of whether, as Smith states, the OCCA has "made [its] position perfectly clear concerning the jurisdictional issue" through its holding in Wallace, see Dkt. # 1-1, at 2, the OCCA has not addressed that issue as to Smith because Smith has not yet presented that issue to the OCCA in a procedural context that would permit the OCCA to consider the merits of that issue. Castille, 489 U.S. at 351; Holland, 2011 WL 3678930,

---

[6] The Court finds this unpublished decision persuasive and cites it for that reason. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

at *3. Moreover, the OCCA has made its position clear, in denying his petition for rehearing, that Smith has at least one state remedy available to him for presenting the issue to the OCCA in the correct procedural context—namely, the remedy of seeking an out-of-time direct appeal. Dkt. # 8-12, at 2.

### III.

Based on the foregoing analysis, the Court grants Bridges's motion to dismiss and dismisses Smith's petition for writ of habeas corpus, without prejudice, for failure to exhaust available state remedies. Further, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note the substitution of Carrie Bridges, Warden, in place of Scott Nunn as party respondent;
2. Bridges's motion to dismiss filed May 5, 2022 (Dkt. # 7) is **granted**;
3. Smith's petition for writ of habeas corpus filed March 28, 2022 (Dkt. # 1) is **dismissed without prejudice**, for failure to exhaust available state remedies;
4. a certificate of appealability is **denied**; and
5. a separate judgment shall be entered in this matter.

**DATED** this 23rd day of January, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE